UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---x

SUSAN RICE, an individual; on behalf of herself and all others similarly situated,

      Plaintiffs,

vs.

NATIONAL ENTERPRISE SYSTEMS, INC., an Ohio Corporation; ERNEST R. POLLAK, Individually and in his Official Capacity; ERIC J. THUT, Individually and in his Official Capacity; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

      Defendants.

---x

CASE NO.: 2:13-cv-05118-LDW-ARL

**JOINT NOTICE OF MOTION AND MOTION IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT**

  **PLEASE TAKE NOTICE THAT** upon this Notice of Motion and Motion, Plaintiff, Susan Rice ("Plaintiff"), and Defendant, National Enterprise Systems, Inc. ("Defendant" or "NES") (collectively, the "Parties"), by and through their undersigned counsel will jointly move this Honorable Court, on a date and time to be determined by the Court, in Courtroom 940 at the United States Court House for the Eastern District of New York, 944 Federal Plaza, Central Islip, New York 11722, for an Order certifying this case to proceed as a class action and granting preliminary approval of the Parties' class settlement agreement. Specifically, the Parties will jointly move this Court pursuant to Fed. R. Civ. P. 23, for an Order certifying this case to proceed as a class action, and granting preliminary approval of the settlement, on behalf of the following class:

    All natural persons in the State of New York to whom National Enterprise Systems, Inc. sent an initial written communication, in the form attached as Exhibit A to Plaintiff's complaint, which were not returned as undeliverable, and which lists "CAVALRY PORTFOLIO SERVICES, LLC" as a Client and does not provide the name of the

>	creditor, during a period beginning on September 13, 2012, and ending on October 14, 2013.

In support of this motion, the Parties respectfully state the following:

1.	Plaintiff individually and on behalf of a class, filed the above-captioned class action lawsuit, which was later amended, but both of which allege that NES engaged in false and misleading collection practices, and thereby violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA"), by *inter alia*, sending consumers written collection communications, which made false, deceptive, and misleading representations by failing to provide the name of the creditor to whom the consumer's alleged debt is owed. [Doc. 1]. Plaintiff specifically alleges that NES's foregoing collection practices violated 15 U.S.C. §§ 1692e(2)(A) and 1692g(a)(2). *Id.*

2.	All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

3.	NES has admitted that there are approximately 4,128 persons in the State of New York who meet the class definition, which is set forth above, and which is alleged in Plaintiff's Class Action Complaint.

4.	There are questions of law and fact common to the Settlement Class, which common issues predominate over any issues affecting only individual class members. The factual issue common to each member of the Plaintiff Class is that NES sent each of them a <u>standardized</u>, computer-generated, collection that lists "CAVALRY PORTFOLIO SERVICES, LLC" as a Client and does not provide the name of the creditor. The common legal issues are whether NES's foregoing collection letter violates 15 U.S.C. §§ 1692e(2)(A), 1692e(10), and 1692g(a)(2).

5. There are no individual issues other than identifying the individual class members, which is a ministerial task NES has already accomplished by reviewing its own business records.

8. Plaintiff's claims are typical of those of the class members. All are based on the same facts and the same legal theories.

6. The Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under various consumer protection statutes such as the FDCPA, class actions, and other complex litigation. Neither Plaintiff nor her counsel has any interests, which might cause them not to vigorously pursue their action.

7. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

(a) Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute. 15 U.S.C. §§ 1692k(a)(2)(B) and 1692k(b)(2);

(b) Most of the class members are unaware of their rights and have no knowledge their rights are allegedly being violated by the collection letter;

(c) The interest of class members to individually control the litigation is small because the maximum statutory damages in an individual action are limited to a maximum recovery of *up to* $1,000.00; and

(d) Management of this class action is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

8. Accordingly, Plaintiff and NES jointly request certification of a class action and preliminary approval of the Parties' settlement agreement pursuant to Rule 23(b)(3). The grounds supporting class certification and preliminary approval are further explained and supported by the accompanying Memorandum of Law, the Declarations of William F. Horn and Andrew T. Thomasson, the documents and pleadings on file with the Court, and any oral argument that the Court may entertain by counsel for the Parties with respect to this motion.

Respectfully submitted this 27th Day of June, 2014.

| | |
|---|---|
| *s/ Jonathan B. Bruno* | *s/ Andrew T. Thomasson* |
| Jonathan B. Bruno, Esq. | Andrew T. Thomasson, Esq. |
| Alex Niederman, Esq. | THOMASSON LAW, LLC |
| KAUFMAN BORGEEST & RYAN LLP | 101 Hudson Street, 21st Floor |
| 120 Broadway, 14th Floor | Jersey City, NJ 07302 |
| New York, New York 10271 | Telephone: (201) 479-9969 |
| Telephone: (212) 980-6800 | Facsimile: (855) 479-9969 |
| Facsimile: (212) 980-9291 | E-Mail: andrew@thomassonllc.com |
| E-Mail: jbruno@kbrlaw.com | |
| E-Mail: aniederman@kbrlaw.com | William F. Horn, Esq. |
| | LAW OFFICE OF WILLIAM F. HORN |
| *Attorneys for Defendant, National Enterprise Systems, Inc.* | 188-01B 71st Crescent |
| | Fresh Meadows, NY 11365 |
| | Telephone: (718) 785-0543 |
| | Facsimile: (866) 596-9003 |
| | E-Mail: bill@wfhlegal.com |
| | |
| | *Attorneys for Plaintiff, Susan Rice, and all others similarly situated* |