Andrew T. Thomasson, Esq.*
*Managing Member*

*Admitted in NJ Only

# THOMASSON LAW, LLC
101 Hudson Street, 21st Floor
Jersey City, NJ 07302
Telephone: (201) 479-9969

WRITER'S DIRECT DIAL:
(973) 665-2056   telephone
(855) 479-9969   facsimile

WRITER'S E-MAIL:
andrew@thomassonllc.com

February 9, 2015

Hon. Leonard D. Wexler, U.S.D.J.
UNITED STATES DISTRICT COURT
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

> **Re:** ***Rice, et al. v. National Enterprise Systems, Inc.***
> E.D.N.Y. Case No. 2:13-cv-05118-LDW-ARL

Dear Senior Judge Wexler,

I am Class Counsel in the referenced matter, and I submit this letter pursuant to the Court's directive at the fairness hearing earlier today. [Doc. 25]. Per the Court's instruction, I have enclosed the Parties' proposed Final Approval Order, which contains the modifications requested by the Court at today's hearing. Please note that the revised class damages award will now result in each class claimant receiving a check in the *increased* amount of $90.77.

On behalf of the Parties, I respectfully thank Your Honor for the Court's continued courtesies and attention to this matter. Please do not hesitate to have your staff contact me directly should the Court require anything further.

Respectfully submitted,
*s/Andrew T. Thomasson*
Andrew T. Thomasson, Esq.
*via ECF Filing Only*

*Encl:*stated

cc:    All Counsel of Record *via ECF Filing*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____x

SUSAN RICE, an individual; on behalf of    :    CASE NO.:  2:13-cv-05118-LDW-ARL
herself and all others similarly situated,    :
    :
    :
                     Plaintiffs,    :
    :
        vs.    :
    :
NATIONAL ENTERPRISE SYSTEMS, INC.,    :
an Ohio Corporation; ERNEST R. POLLAK,    :           **[PROPOSED]**
Individually and in his Official Capacity; ERIC    :     **FINAL APPROVAL ORDER**
J. THUT, Individually and in his Official    :
Capacity; and JOHN AND JANE DOES    :
NUMBERS 1 THROUGH 25,    :
    :
    :
                 Defendants.    :
_____x

Upon consideration of the Parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, SUSAN RICE ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, NATIONAL ENTERPRISE SYSTEMS, INC. ("NES"), the Court orders and finds as follows:

1.    This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class members, and NES.

2.    The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

> All natural persons in the State of New York to whom National Enterprise Systems, Inc. sent an initial written communication, in the form attached as _Exhibit A_ to Plaintiff's complaint, which were not returned as undeliverable, and which lists "CAVALRY PORTFOLIO SERVICES, LLC" as a Client and does not provide the name of the creditor, during a period beginning on September 13, 2012, and ending on October 14, 2013.

3.    Based on the Parties' stipulations: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class members, and

included whether or not NES violated the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, *et seq.* by sending consumers written collection communications, which made false, deceptive, and misleading representations by failing to provide the name of the creditor to whom the consumer's alleged debt is owed; (C) the claim of Plaintiff is typical of the Settlement Class members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and her attorneys, Andrew T. Thomasson and William F. Horn, are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class members.

4.     The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to approximately 4,070 Settlement Class members by Heffler Claims Group, the third-party settlement administrator. A total of 359 envelopes were returned by the United States Postal Service, 9 of which were returned with forwarding addresses and successfully re-mailed. No Settlement Class members requested exclusion from, or objected to, the settlement. A total of 206 Settlement Class members timely returned the proof of claim form and are entitled to a share of the monetary benefits of the settlement. 5 Settlement Class members returned their claim after the deadline, which the Court will also accept, thereby entitling them to a share of the monetary benefits of the settlement.

5.     On February 9, 2015, the Court held a fairness hearing to which Settlement Class members, including any with objections, were invited; however, no one appeared to voice any objections to the settlement. As noted, none of the Settlement Class members have sought exclusion from, or objected to, the settlement prior to the hearing.

6.      The Court finds that provisions for notice to the class satisfy the requirements due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

7.      The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by NES. Upon the Effective Date, as that term is defined in the Agreement, NES shall make  the following payments:

(a)      NES shall create a class settlement fund of $19,153.52 ("Class Recovery"), which Class Counsel shall distribute *pro rata* among those Settlement Class Members who did not exclude themselves and who timely return a claim form ("Claimants"). Claimants will receive a *pro rata* share of the Class Recovery by check. Checks issued to Claimants will be void sixty (60) days from the date of issuance. Any checks that have not been cashed by the void date, along with any unclaimed funds remaining in the Class Recovery, will be donated as a *cy pres* award to the National Consumer Law Center, which is located at 7 Winthrop Square, Boston, MA 02110-1245, and the award will be expressly earmarked for the benefit of New York consumers.

(b)      Defendant shall pay Plaintiff $1,000.00.

(c)      NES shall pay Class Counsel $22,000.00 for their attorneys' fees and costs incurred in the action. Class Counsel shall not request additional fees or costs from NES or the Settlement Class members.

8.      The Parties grant the following releases:

(a)      Plaintiff, including each and every one of her respective agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (collectively "Releasors"), releases and discharges NES, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns, (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for Defendant) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release

3

Released Parties of all claims that were made or that could have been made in this lawsuit including all claims relating to NES's collection activity.

(b)    Each member of the Settlement Class who did not exclude themselves from the Agreement hereby releases and discharges the Released Parties of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs arising out of or related to NES's collection letter that is attached as *Exhibit A* to Plaintiff's Amended Complaint in the Litigation [Doc. 15].

(c)    Plaintiff and each Settlement Class member DO NOT release any defense they may have with respect to the underlying debts which NES was attempting to collect, including (i) whether any debt is in fact owed, (ii) the crediting of payments on any debt, or (iii) the proper reporting of any debts to credit bureaus.

(d)    NES does NOT release its claims, if any, against Plaintiff or any member of the Settlement Class for the payment of their debts. The underlying debts NES sought to collect are not unaffected by the Agreement. The Agreement does not prevent NES from continuing to attempt to collect the debts allegedly owed by the Settlement Class members.

9.    The Court finds the Agreement is fair and made in good faith.

10.    The terms of the Agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal without prejudice of the claims in this action.

11.    The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

12.    The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this order.

13.    The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

**IT IS SO ORDERED:**


_____
HONORABLE LEONARD D. WEXLER
Senior Judge, United States District Court

Dated: